UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAYLA VALENTINE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Defendant. | Case No. 22-cv-03066-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS AND VACATING AUGUST 23, 2022 INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 6 |

On May 10, 2020, the car of Plaintiffs Kayla Valentine and Andrew Valentine (collectively, "Plaintiffs" or "the Valentines") was rear-ended by a vehicle owned by Jose Sigala and driven by Amelio Sigala (collectively, "the Sigalas"). Dkt. 1-1 (Complaint) ¶¶ 12-14. The Sigalas' insurer, 21st Century, tendered the policy limits, which were split between four parties injured in the accident. *Id.* ¶ 24. The issue in this case is whether Plaintiffs can recover additional sums pursuant to the underinsured motorist coverage of their own automobile insurance policy with Progressive.[1] *See id.* ¶ 25; *see also* Dkt. 5. After Progressive refused to pay Plaintiffs, they filed suit on April 1, 2022 in Monterey County Superior Court. *See id.* Defendant then removed the case to this Court. Dkt. 1. Defendant now moves to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction because Plaintiffs' claim is not ripe or, alternatively, on the grounds that the complaint fails to state a cause of action and is subject to dismissal under Rule 12(b)(6). Dkt. 6. Plaintiffs filed an opposition to the motion to dismiss (Dkt. 8), and Defendant

---

[1] The sole named defendant in this case is Progressive Direct Insurance Company. Complaint ¶ 1. In Defendant's motion to dismiss and Plaintiffs' opposition, both sides state that the correct defendant is United Financial Casualty Company ("UFCC") which was "erroneously sued as Progressive Direct Insurance Company." Dkt. 6 at 2; Dkt. 8 at 1-2. The Certificate of Interest filed by Defendant identifies "Progressive Commercial Holdings, Inc.," not the named defendant, as the owner of UFCC. Dkt. 5. As specified in the Conclusion of this order, any amended complaint must name the proper defendant and include the necessary information from which it can be determined that diversity jurisdiction exists. For purposes of this order, the Court refers to the company that insured Plaintiffs as "Progressive."

filed a reply (Dkt. 9). All parties have consented to the jurisdiction of a magistrate judge. Dkt. 3, 10, 14.

This matter is suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, the motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

## I. BACKGROUND

The following background discussion is based on the allegations of the Complaint. Plaintiffs allege that as a result of the May 10, 2020 car accident, they have sustained monetary damages including, but not limited to, medical expenses, wage loss, and inconvenience, as well as extraordinary pain and suffering. Complaint ¶ 18. Following the accident, Kayla Valentine was transported to the Navidad Hospital emergency room because she was pregnant at the time and complained of neck and back pain. *Id.* ¶ 15. At an ultrasound on May 27, 2020, no fetal heartbeat was detected, and it was later confirmed that Ms. Valentine's pregnancy had terminated. *Id.* ¶¶ 19-22. Plaintiffs allege that the May 10, 2020 accident had a traumatic effect on Ms. Valentine's abdomen and her pregnancy. *Id.* ¶ 22. Andrew Valentine alleges that as a result of the accident, he has experienced back pain as well as suffering due to the loss of Plaintiffs' baby. *Id.* ¶ 23.

According to the allegations of the Complaint, at the time of the May 10, 2020 accident, they were insured by Progressive under Policy #61313316 (the "Policy). Complaint ¶¶ 27, 29. The Policy included uninsured/underinsured motorist coverage of $100,000 per person and $300,000 per accident. *Id.* ¶ 28.

Following the accident, the Sigalas' insurer, 21st Century, tendered the full policy limits of $60,000, which was split among four persons injured in the accident. *Id.* ¶ 24. Plaintiffs then made a claim under their Policy. *Id.* ¶¶ 25, 27-30. After Progressive refused to pay Plaintiffs, they filed suit on April 1, 2022 in Monterey County Superior Court, asserting claims for: (1) breach of contract; (2) fraud and deceit; (3) intentional/negligent misrepresentation; (4) insurance bad faith under California Civil Code § 1559; and (5) breach of the covenant of good faith and fair dealing. Dkt. 1-1. Defendant then removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. Defendant now moves to dismiss the Complaint. Dkt. 6.

## II.　LEGAL STANDARD

### A.　Rule 12(b)(1)

Rule 12(b)(1) allows the Court to dismiss a complaint for lack of subject matter jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Rule 12(b)(1) motions can challenge subject matter jurisdiction in two different ways: (1) a facial attack based solely on the allegations of the complaint, or (2) a factual attack based on extrinsic evidence apart from the pleadings. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* If a defendant initiates a factual attack by submitting a declaration with extrinsic evidence of the lack of subject matter jurisdiction, "the court need not presume the truthfulness of the plaintiff's allegations." *Id.*

### B.　Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. In ruling on a motion to dismiss, courts may consider only "the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008). In deciding whether the plaintiff has stated a claim, the court must presume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of L.A.*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009).

If a motion to dismiss is granted, the court must grant leave to amend unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Eminence Capital, LLC v. Aspeon,*

3

1  *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.   REQUEST FOR JUDICIAL NOTICE**

Defendant requests that the Court take judicial notice of a document it describes as follows: "The complaint dated April 21, 2022, and filed in the Superior Court for the State of California for the County of Monterey, as Civil Action 22CV001102, including Exhibit A, the UFCC policy copy incorporated thereto, a true and correct copy of which is attached as Exhibit 1." Dkt. 6-1 (the "RJN").

A court may take judicial notice of documents outside of the complaint that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). Court records are properly the subject of judicial notice. *See Roca v. Wells Fargo Bank,* No. 15-cv-02147-KAW, 2015 WL 2598749, at *4 (N.D. Cal. Sep. 29, 2015).

Here, there is a dispute between the Parties as to whether the document of which Defendant seeks judicial notice contains the correct exhibit filed with the state court. Exhibit 1 to Defendant's RJN consists of the state court complaint (which appears to be the same document attached to the Notice of Removal at Dkt. 1-1 in this case) together with an Exhibit A that is a 39-page document with a cover page with the title page "California Auto Policy" and bearing the logo of Progressive Direct Auto. Dkt. 6-1 at PDF p. 16. Plaintiffs dispute that Exhibit A is the document filed with their state court complaint. Dkt. 8 at 3-4. According to Plaintiffs, "the policy attached to UFCC's Motion to Dismiss was never provided to Plaintiffs" and "Exhibit 'A' to Plaintiffs' Complaint references the Declarations page that was provided to Plaintiffs when they purchased the insurance coverage on line … : *Id.*; *see also* Dkt. 8-1 ¶¶ 4-5. Plaintiffs provide a Declarations page along with their opposition to the motion to dismiss. Dkt. 8-1 at Ex. 1. However, the Declarations page provided by Plaintiffs, which is for the policy period January 1, 2020 to July 18, 2020, states that changes were made to the policy on May 13, 2020, several days after the accident at issue. *Id.* Although the Complaint attached to the Notice of Removal referred to the "Policy attached as Exhibit 'A'," it did not include Exhibit A. Dkt. 1-1 ¶ 27.

Because it is disputed that the insurance policy document attached to Defendant's RJN was in fact Ex. A to Plaintiffs' state court complaint, Defendant's request for judicial notice is

4

1  **DENIED.**

2  **IV.     DISCUSSION**

3      **A.       Ripeness**

4      Defendant argues that this case is not ripe, and thus must be dismissed under Rule 12(b)(1), because Plaintiffs do not, and cannot, allege that they complied with the requirement under the Policy and California Insurance Code § 11580.2 that they arbitrate their claims against the insurer before bringing suit. *See* Dkt. 6 at 6-8.

    California Insurance Code § 11580.2, which governs uninsured and underinsured motorist coverage, provides in relevant part:

> No cause of action shall accrue to the insured under any policy or endorsement issued pursuant to this section unless one of the following actions have been taken within two years from the date of the accident:
>
> (A)    Suit for bodily injury has been filed against the uninsured motorist, in a court of competent jurisdiction.
>
> (B)    Agreement as to the amount due under the policy has been concluded.
>
> (C)    The insured has formally instituted arbitration proceedings by notifying the insurer in writing sent by certified mail, return receipt requested. Notice shall be sent to the insurer or to the agent for process designated by the insurer filed with the department.

Cal. Ins. Code. § 11580.2(i)(1). Sections A and B do not apply in this case, so the issue is whether Plaintiffs complied with the arbitration requirement in section C before filing suit.

    "Section 11580.2 is essentially a 'condition precedent' to the recovery of any uninsured motorist benefits." *Carrasco v. State Farm Ins.*, No. 18-cv-06509-BLF, 2019 WL 134568, at *2 (N.D. Cal. Jan. 8, 2019) (citations omitted). Plaintiffs do not allege in the Complaint that they instituted arbitration as required under section 11580.2 within two years of the date of the accident. Likewise, Plaintiffs do not allege that this condition precedent is somehow obviated, "for example by alleging that the doctrines of estoppel, waver, impracticality, or futility apply . . . or that [the insurer] did not comply with statutory notice requirements." *Id.* (citing Ins. Code §§ 11580.2(i)(3)), 11580.2(k) and *Juarez v. 21st Century Ins. Co.*, 105 Cal. App. 4th 371, 377

(2003)).

Plaintiffs' only argument as to why their claims are ripe despite their failure to comply with the pre-suit arbitration requirement is that they never received a copy of the policy document that includes the arbitration requirement. Dkt. 8 at 3-4; *see also* Dkt. 8-1 ¶¶ 4-5 and Exs. 1-2. As discussed above, the Court does not take judicial notice of the policy document submitted by Defendant because there is a dispute as to whether it was filed with the state court. Moreover, although the Court can consider materials outside the complaint on a Rule 12(b)(1) motion that makes a factual challenge to the court's subject matter jurisdiction or on a Rule 12(b)(6) motion if the complaint incorporates such materials by reference, in light of the dispute here over whether Plaintiffs ever saw the policy document that includes the arbitration clause, the Court will assume for purposes of this motion that they did not. Even so, this does not absolve Plaintiffs from their obligation to comply with the statutory pre-suit arbitration requirement. The terms of California Insurance Code § 11580.2 are, as a matter of California law, "read into" all auto liability policies in the state. *Hartford Fire Ins. Co. v. Macri*, 4 Cal. 4th 318, 324 (1992) ("The provisions of the statute are a part of every policy of insurance to which it is applicable"). The statutory arbitration requirement is non-waivable. *See Chrisman v. Sup. Ct.*, 191 Cal. App. 3d 1465, 1467-68 (1987) (holding that insurer could not enforce provision in uninsured motorist policy that allowed for trial de novo after arbitration award under some circumstances); *Goulart v. Crum & Forster Personal Ins. Co.*, 222 Cal. App. 3d 527, 530 (1990) (holding that insured was not eligible for trial de novo on damages following arbitration award despite policy provision permitting such a trial). The court in *Goulart* rejected the insured's argument that the statute did not restrict his right to litigate unless he was given proper notice. *Id.* at 529-30. Here, Plaintiffs' argument is essentially the same argument made by the plaintiff in *Goulart* and fails for the same reasons.

Because Plaintiffs have failed to allege that they have complied with the statutory prerequisites to bringing a claim against Defendant, their first claim for breach of contract must be dismissed. Plaintiffs' fourth cause of action for insurance of bad faith also fails because it is premised on their breach of contract claim. *See* Complaint ¶ 51. In addition, Plaintiffs' fifth cause of action for breach of the implied covenant of good faith and fair dealing fails "[a]bsent a valid

6

breach of contract claim." *Carrasco*, 2019 WL 134568, at *2 (citing *Waller v. Truck Ins. Exch., Inc.*, 11 Cal. 4th 1, 36 (1995), *as modified on denial of reh'g* (Oct. 26, 1995)). Because the Court concludes that Plaintiffs' claims for breach of contract, insurance bad faith, and breach of the covenant of good faith and fair dealing must be dismissed because they are not ripe, the Court does not reach Defendant's other arguments as to why those claims should be dismissed.

More than two years have passed since the accident, so it appears that Plaintiffs will not be able at this point to initiate arbitration within the time frame set forth in section 11580.2(i). However, the statute provides that "the doctrines of estoppel, waiver, impossibility, impracticality, and futility apply to excuse a party's noncompliance with the statutory timeframe, as determined by the court." Cal. Ins. C. § 11580.2(i)(3). The Court therefore cannot conclude at this juncture that amendment would be futile. Accordingly, Plaintiffs' claims for breach of contract (first cause of action), insurance bad faith (fourth cause of action), and breach of the covenant of good faith and fair dealing (fifth cause of action) are **DISMISSED WITH LEAVE TO AMEND.**

### B.     Failure to State a Claim

Plaintiffs' two remaining causes of action—for fraud and deceit (second cause of action) and intentional and negligent misrepresentation (third cause of action)—sound in fraud. Dkt. 1-1 ¶¶ 34-49. The essence of Plaintiffs' fraud and misrepresentation claims is that Defendant sold them an insurance policy that provides for payment for injuries and damages as a result of the actions of underinsured motorists but later denied coverage for such injuries sustained by Plaintiffs. *See id.* ¶¶ 37, 43-44.

"The elements of fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996); *see also Infanzon v. Allstate Ins. Co.*, No. LA CV19-0643-JAK (SKx), 2019 WL 5847833, at *10 (C.D. Cal. Nov. 6, 2019). Where the specific action is promissory fraud, a party must also allege the opposing party misrepresented its intent to perform and never intended to fulfill that promised performance, as part of the first element of "misrepresentation." *Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1060

7

1  (2012); *see also Infanzon*, 2019 WL 5847833, at *10. In other words, a party alleging promissory
2  fraud must plead "something more than nonperformance . . . to prove the defendant's intent not to
3  perform his promise." *Jones v. AIG Risk Mgmt. Inc.*, 726 F. Supp. 2d 1049, 1058 (N.D. Cal.
4  2010) (quoting *Tenzer v. Superscope, Inc.*, 39 Cal. 3d 18, 30 (1985)). Without requiring
5  allegations as to why the disputed statements were untrue or misleading *when made*, "every breach
6  of contract claim would support a claim of fraud so long as the claimant adds to his complaint a
7  general allegation that the defendant never intended to keep her promise. *Infanzon*, 2019 WL
8  5847833, at *10 (internal quotation marks, brackets, and citations omitted).

9   Under Federal Rule of Civil Procedure 9(b), a claimant also must plead fraud allegations
10 with heightened particularity. Fed. R. Civ. Pro. 9(b). This requires pleading "the who, what,
11 when, where, and how" of the alleged misrepresentations. *Kearns v. Ford Motor Co.*, 567 F.3d
12 1120, 1124 (9th Cir. 2009); *see also Infanzon*, 2019 WL 5847833, at *10. "Such averments must
13 be specific enough to give defendants notice of the particular misconduct … so that they can
14 defend against the charge and not just deny that they have done anything wrong." *Loh v. Future
15 Motion, Inc.*, No. 5:21-cv-06088-EJD, 2022 WL 2668380, at * 4 (citing *Vess v. Ciba-Geigy Corp.
16 USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). In a fraud action against a corporation, the party
17 asserting fraud must "allege the names of the persons who made the allegedly fraudulent
18 representations, their authority to speak, to whom they spoke, what they said or wrote, and when it
19 was said or written." *Hawker v. Bancinsurance, Inc.*, No. CV F 12-1261 LJO SAB, 2013 WL
20 1281573, at *11 (E.D. Cal. Mar. 26, 2013) (citing *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2
21 Cal.App.4th 153, 157 (1991)). Failure to comply with the specificity requirements of Rule 9(b)
22 warrants dismissal for failure to state a claim under Rule 12(b)(6). *See generally ESG Capital
23 Partners, LP v. Stratos*, 828 F3d 1023, 1031-1032 (9th Cir. 2016).

24  Here, Plaintiffs' fraud-based claims fail to satisfy these pleading standards. Although
25 Plaintiffs identify by name "PROGRESSIVE's Senior Claims Specialist, Crystal D'Alessandro"
26 as the person who denied Plaintiffs' written demands beginning on June 15, 2021 through
27 April 11, 2022 (Dkt. 1-1 ¶¶ 37, 44), those allegations appear to refer to denials of Plaintiffs'
28 demands for payment under the Policy following the accident. Nowhere do Plaintiffs allege who

8

made the alleged misrepresentations about the Policy *before* their purchase of the Policy, the content of those statements, or how, when, and by what means those statements were made. Plaintiffs' conclusory assertion that they "have met the requirement of specific in a fraud action" (*id.* ¶¶ 36, 45) acknowledges but does not satisfy the heightened pleading requirements applicable to Plaintiffs' second and third causes of action.  Moreover, Plaintiffs do not identify statements that were false or misleading at the time they were made to support their allegations that Defendant did not intend to perform its promise.  Instead, Plaintiffs support their fraud-based claims with allegations that Defendant later denied coverage. *See, e.g., id.* ¶ 37 (alleging that Defendant "made false representations, concealments and nondisclosures to Plaintiffs by issuing an insurance policy, which provides for payment for injuries and damages incurred as a result of the actions of underinsured motorists and later denying coverage for such injuries sustained by Plaintiffs in a manner provided by the Policy"); ¶ 44 (alleging that Defendant "made false representations, concealments, and nondisclosures to Plaintiffs by denying coverage under the insurance policy to Plaintiffs").  These allegations merely support Plaintiffs' claim of breach of contract and do not include the "something more" necessary to support a claim for promissory fraud.  *See Jones*, 726 F. Supp. 2d at 1058.

Plaintiffs' claims for fraud and deceit (second cause of action) and intentional/negligent misrepresentation (third causes of action) fail to comply with Rule 9(b)'s particularity requirements and with the requirements for pleading promissory fraud.  Accordingly, Defendant's motion to dismiss those claims is **GRANTED WITH LEAVE TO AMEND.**

V.   **CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND.**  Plaintiffs may file an amended complaint by **August 25, 2022**.  **In addition to addressing the deficiencies identified in this order, any amended complaint must name the correct Defendant and set forth the basis for subject matter jurisdiction in this Court.**  The Court will dismiss the case if Plaintiffs fail to file an amended complaint by the deadline.

The Initial Case Management Conference, originally scheduled for August 23, 2022, is

**VACATED**, to be reset once the pleadings are finalized.

      **SO ORDERED.**

Dated: August 3, 2022

_____
SUSAN VAN KEULEN
United States Magistrate Judge